# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JOEL MUNOZ, )<br>)<br>Defendant. ) | Case No. CR-19-00350-PRW |

## ORDER

Before the Court are Defendant Joel Munoz's pro se Motion for Sentencing Reduction Pursuant to 18 U.S.C. § 3582(c)(2) (Dkt. 51); the government's response (Dkt. 57); and the United States Probation Office's Preliminary Report for Consideration of Sentence Based on Amendment 821 (Dkt. 55). Having considered the pleadings and applicable legal authorities, the Court **DISMISSES** the Motion (Dkt. 51) for lack of jurisdiction.

### *Background*

On April 22, 2021, Munoz pleaded guilty to Count 1 of the Indictment (Dkt. 1) and admitted that he knowingly and intentionally distributed 50 grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1). (Dkt. 32). On August 30, 2021, Probation filed the Final Presentence Investigation Report (Dkt. 41). The PSR calculated Munoz's Total Offense Level as 29, with a criminal history category of I. (Dkt. 41 ¶¶ 27, 32). This produced a guideline range of 87–108 months' imprisonment. (*Id.* ¶ 52). Neither party objected to the PSR, and the Court adopted it without change. (*See* Dkt. 50). On

1

October 4, 2021, the Court varied downward and sentenced Munoz to 60 months' imprisonment, which was the statutory minimum. (Dkt. 49). Munoz now seeks a sentencing reduction based on Amendments 782 and 821 to the United States Sentencing Guidelines. (Dkt. 51).

## *Legal Standard*

District courts do not possess "inherent authority to modify a previously imposed sentence; [they] may do so only pursuant to statutory authorization."[1] Under 18 U.S.C. § 3582(c)(2), a court may reduce the term of imprisonment of a defendant "who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . ."[2] This sets forth a two-step inquiry. At step one, a court must "follow the Commission's instructions in [U.S.S.G.] § 1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized."[3] At step two, a Court is to consider "any applicable [Section] 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case."[4]

---

[1] *United States v. Mendoza*, 118 F.3d 707, 711 (10th Cir. 1997).

[2] 18 U.S.C. § 3582(c)(2).

[3] *Dillon v. United States*, 560 U.S. 817, 827 (2010).

[4] *Id.*

*Analysis*

Munoz cites to Amendments 782 and 821 in his Motion. Amendment 782 "reduced the base offense level by two levels for most drug offenses."[5] It became effective on November 1, 2014.[6] Munoz's guideline range was calculated using "the 2018 Guidelines Manual, incorporating all guideline amendments[,]"[7] including Amendment 782. Section 3582(c)(2) only permits a sentence reduction where a defendant has been "sentenced to a term of imprisonment based on a sentencing range that has *subsequently* been lowered by the Sentencing Commission."[8] Accordingly, Munoz is ineligible for a reduction based on Amendment 782.

As for Amendment 821, Part A "limit[ed] the overall criminal history impact of 'status points.'"[9] Previously, Section 4A1.1 assessed two additional status points for a defendant who committed the instant offense "while under any criminal justice sentence[.]"[10] Part A of Amendment 821 (1) reduced the number of status points from two to one and (2) effected that the status point is only to be assessed against defendants with seven or more criminal history points.[11] Part B provides for a two-level decrease for certain

---

[5] *Hughes v. United States*, 584 U.S. 675, 684 (2018).

[6] USSG App. C, Amend. 782.

[7] PSR (Dkt. 41), ¶ 17.

[8] 18 U.S.C. § 3582(c)(2) (emphasis added).

[9] USSG App. C, Amend. 821.

[10] *Id.*

[11] *Id.*; *see also* USSG § 4A1.1(e).

defendants with zero criminal history points.[12] Here, Munoz had one criminal history point and did not receive any status points for committing the offense while under a criminal justice sentence.[13] Thus, he does not qualify for a sentence reduction under Amendment 821. The Court therefore lacks jurisdiction[14] under Section 3582(c)(2) to modify Munoz's sentence and dismisses the Motion (Dkt. 51).

## *Conclusion*

Accordingly, the Court **DISMISSES** Munoz's Motion (Dkt. 51) for lack of jurisdiction.

**IT IS SO ORDERED** this 22nd day of October 2024.

_____
PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE

---

[12] USSG App. C, Amend. 821.

[13] PSR (Dkt. 41), ¶¶ 29, 31.

[14] *United States v. Bowman*, 645 F. App'x 774, 777 (10th Cir. 2016) ("[I]f a sentence reduction is not authorized by § 3582, dismissal rather than denial is the appropriate disposition.") (citation and internal quotation marks omitted). The Court cites unpublished decisions of the Tenth Circuit for their persuasive value, consistent with Tenth Cir. R. 32.1 and Fed. R. App. P. 32.1.